'THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* SALVADOR CRUZ ALVAREZ, Defendant and Appellant.

No. 8801.   Argued November 12, 1941.—Decided December 4, 1941.

·C. *Iriarte, F. Fernández Cuyar, H. González Blanes,* and *F. Alvarado, Jr.,* for appellant.   George A. *Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney,* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

On August 13, 1939, the appellant, while travelling from San Juan to Mayagüez in the company of other workmen, struck with an automobile driven by him Ramón Maldonado, a child three years old, who was walking at the time with his brother Luis Maldonado, 17 years of age, along the road leading from Manatí to Arecibo. The unfortunate child died shortly thereafter, in consequence of the injuries received by him, in the Municipal Hospital of Arecibo. In the information filed against the appellant for involuntary manslaughter it was charged that the proximate cause of the accident was his willful negligence in driving the vehicle exceedingly fast,

without exercising due care and circumspection and without sounding the horn or any other warning device whatsoever.

The appellant was convicted by a jury and sentenced to five months in jail and to pay the costs. In this appeal, taken from the above judgment, appellant maintains that the verdict is contrary to law and that the court *a quo* erred in denying his motion for a new trial.

■■ The evidence for the prosecution tended to show that on the day in question, at about 3:30 p.m., the child Ramón Maldonado was being taken by his brother Luis to his grandmother's home, some one hundred meters distant from the place of the accident. The elder of the two brothers was walking along the foot-path on the right-hand side of the road, in the direction of Arecibo, and the younger one went by his side walking on the edge of the pavement. When approaching these children, the vehicle driven by defendant in the same direction was traveling exceedingly fast, without sounding any warning device, and took so far to the right that it struck the child, dragging him over a distance of twenty yards and finally throwing him to the left side of the road. No other vehicle or person was going by that place when the accident occurred.

The evidence for the defendant tended to show that at the time of the accident the speed did not exceed fifteen miles; that a woman driving a goat was going along the left-hand side of the road; that a bus was coming in the opposite direction; that just at that very moment the goat got loose and tried to cross over to the opposite side of the road; that suddenly the child ran towards the left to catch the animal and was then struck by the car, notwithstanding the efforts made by the appellant to avoid it.

From the evidence for the prosecution it appears that no automobile whatever was traveling in the opposite direction; that although the goat was going in front of its owner who was traveling along the left-hand side of the road, the animal

never tried to cross over the highway and on the contrary, went into the fenced pasture where it used to graze every day and which lies on the same side along which the animal was traveling; that the child did not swerve from the direction in which he was moving; and that the defendant was to blame for the accident, as he was driving the car very fast and so close to the child that it struck him.

The evidence is clearly conflicting, but the jurors who saw and heard the witnesses for both sides testify and who were in a better position than we for weighing their gestures, hesitations, and conflicting statements, resolved the conflict against the defendant, and their verdict can not be disturbed unless it is satisfactorily shown that the jurors were moved by passion, prejudice or bias, or that they committed manifest error in weighing the evidence. The jurors are not charged with passion, prejudice or bias but with erroneous weighing of the evidence, because none of the witnesses for the prosecution was able to estimate in miles or kilometers the speed of the vehicle, witness Rafaela Figueroa, who was driving the goat, testifying, for example, that it moved "at great speed," that it was coming *at a rather great speed*, etc. As said by this court in *People* v. *Pereira*, 49 P.R.R. 869, 874, 877, in which the evidence as to the rate of speed consisted of similar expressions as those cited by the above-named witness:

"It might be argued that this testimony is vague and uncertain. This is the evidence, however, that may be introduced in many cases. of criminal liability where the witnesses, who are not experts, cannot otherwise judge the rate of speed.

"  *    *    *    *    *    *    *

"The weight to be accorded to this evidence is matter exclusively for the jury, whose opinion we must respect. If the jury believed the testimony of the witness Julián Machuca and, bearing in mind the circumstances of the case, believed the defendant to be guilty of criminal negligence, we do not feel warranted in intervening to set aside their verdict."

See also 15–16 Huddy, Cyclopedia of Automobile Law, p. .342, par. 176.

In *Smith* v. *Doyle,* (1938, C.C.A.), 98 F. (2d) 341, 342, ·dealing with the same question, the court said:

"Although they do not refer to the matter in their brief, appellants excepted to the admission of the testimony of the only available ·eyewitness that appellants' car was 'moving fast.' Such evidence is usually allowed. Cases are collected in 1 Wigmore, Evidence (2d ·ed., 1923)_ sec. 571; 4 Id. sec. 1977. Normal persons frequently form impressions of the sort with regard to passing cars, and these impressions have meaning and value. It would be arbitrary to ex- ·clude them, at least when, as here, speedometer readings and the like .are not available."

Undoubtedly, the jury must have been influenced by the fact that the automobile stopped about twenty yards from the place of the accident and that the child was dragged over ·that distance, although the brakes had been applied just as he was struck, leaving traces well marked on the road of the application of the brakes, as stated by witness Luis Maldo- ·nado.

It is unquestionable that, if the automobile had been going .at fifteen miles per hour, as the evidence for the defendant ·tended to show, it would not have been necessary for it to ·cover a distance of twenty yards before coming to a stop in spite of the strong application of the brakes, as testified to by Luis Maldonado.

█ The appellant further maintains that the evidence for ·the prosecution concerning the speed was inadmissible, be- ·cause the witnesses had stated that they became aware of ·the presence of the automobile at the moment of· the accident :and, consequently, they were not in a position to make a ·proper estimate of its speed. If the automobile had actually stopped, it is obvious that the witnesses for the prosecution would not have had an opportunity to gauge the speed; but, as ·we have seen, the automobile went on its way for a distance ·of twenty yards in spite of the application of the brakes, and

the witness Figueroa, who was coming about two meters be-- hind the children, saw the automobile before the same struck the victim, and kept on looking at it until it came to a stop. In these circumstances, we have no doubt that she was in a position to determine whether the vehicle was traveling at an ordinary or an excessive rate of speed.

We think that the verdict is not contrary to law, as claimed by the appellant, nor did the court err in denying the motion. for a new trial, which motion was predicated on the same questions which we have just discussed.

For the reasons stated the appeal must be denied and the judgment appealed from affirmed.